**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 16-32021 |
| | ) | Chapter 7 |
| **P3 FOODS, L.L.C.,** | ) | |
| | ) | Hon. LaShonda A. Hunt (Joliet) |
| | ) | |
| Debtor. | ) | **Hearing Date: August 13, 2021** |
| | ) | **Hearing Time: 9:15 A.M.** |
| | ) | **via Zoom for Government** |
| | ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, on Friday, August 13, 2021, at 9:15 a.m., or as soon thereafter as counsel may be heard, I will appear before the Honorable Lashonda A. Hunt, or any judge sitting in that judge's place and present the **Trustee's Motion to Modify Order Granting Application to Employ Reed Heiligman as Special Counsel [Dkt. #335]**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is **161 165 5696** and the password is **7490911**. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Case 16-32021 Doc 373 Filed 08/06/21 Entered 08/06/21 17:53:56 Desc Main
Document Page 2 of 9

Dated: August 6, 2021                                    Respectfully submitted,

                                                      **ZANE ZIELINSKI, NOT INDIVIDUALLY BUT AS CHAPTER 7 TRUSTEE OF P3 FOODS, L.L.C.**

                                                      By: /s/ Alex J. Whitt
                                                            (One of his Attorneys)

Reed Heiligman (No. 6294312)
Alex J. Whitt (No. 6315835)
**HILTZ ZANZIG & HEILIGMAN LLC**
53 West Jackson Blvd., Suite 1301
Chicago, Illinois 60604
Telephone: 312.566.9008
awhitt@hzhlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) Case No.: 16-32021 |
| | ) Chapter 7 |
| **P3 FOODS, L.L.C.,** | ) |
| | ) Hon. LaShonda A. Hunt (Joliet) |
| | ) |
| Debtor. | ) |
| | ) |

**TRUSTEE'S MOTION TO MODIFY ORDER GRANTING APPLICATION TO
<u>EMPLOY REED HEILIGMAN AS SPECIAL COUNSEL [DKT. #335]</u>**

Zane Zielinski, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of P3 Foods, L.L.C. (the "Debtor"), by his attorneys, Hiltz Zanzig & Heiligman LLC ("HZH Law" or "Special Counsel"), respectfully requests entry of an order modifying the order granting application to employ Reed Heiligman and HZH Law [Dkt. #335] to increase HZH Law's contingency fee from 33.3% to 40% (the "Motion"), and in support thereof respectfully states as follows:

## **INTRODUCTION**

Over the past two years, for the benefit of this estate, HZH Law has endeavored to avoid and recover more than $2 million in transfers made by the Debtor during the two-years leading up to the Debtor's bankruptcy filing on a contingency basis. HZH Law has secured judgments totaling approximately $320,000 for the benefit of the estate's creditors. However, the defendants against which the Trustee has obtained these judgments are themselves in financially precarious circumstances. HZH Law, on behalf of the Trustee, must now undertake substantial post-judgment proceedings to collect this recovery. Accordingly, HZH Law and Trustee have

agreed to increase HZH Law's contingency fee from 33.3% to 40%, and by this Motion ask that this Court approve such an increase.

## JURISDICTION

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of the above-captioned case and of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On October 16, 2016, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

4. On May 8, 2018, the Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code.

5. On May 9, 2018, the Trustee was appointed the chapter 7 trustee.

6. On May 8, 2019, the Trustee filed adversary complaints, commencing two adversary proceedings styled, *Zane Zielinski, not individually but as the Chapter 7 Trustee of P3 Foods, LLC v. Peterson et al.*; Adv. Proc. No. 19-00701 (the "Peterson Proceeding"), and *Zane Zielinski, not individually but as the Chapter 7 Trustee of P3 Foods, LLC v. Pendolino, et al.*, Adv. Proc. No. 19-00702 (the "Pendolino Proceeding," and together with Peterson Proceeding, the "Adversary Proceedings").

7. In the Adversary Proceedings, the Trustee has asserted claims under 11 U.S.C. §§ 548, 550 and the Illinois Business Corporation Act, seeking to avoid and recover more than $2

2

million in transfers made by the Debtor to the Adversary Proceedings defendants during the two-years leading up to the Debtor's bankruptcy filing.

8. On May 24, 2019, this Court authorized the Trustee to retain Reed Heiligman and HZH Law as his special counsel to prosecute the Adversary Proceedings [Dkt. #335] (the "Employment Order").

9. Pursuant to paragraph 3 of the Employment Order, HZH Law is to receive one-third (33.3%) of the gross recovery obtained by the Trustee.

**The Peterson Proceeding**

10. In the Peterson Proceeding, HZH Law has had to undertake substantial efforts to secure any recovery for the Debtor's estate against Michael Peterson ("Peterson") and his company ALFP, Incorporated ("ALFP"). At the outset, the defendants in the Peterson Proceeding did not timely answer or otherwise plead, necessitating a motion for default judgment. Once a default judgment was obtained, HZH Law began issuing citations to discover assets through the federal court.

11. Shortly after these citations issued, the adversary complaint in the Peterson Proceeding was returned to the Trustee as undeliverable. With proper service of the adversary complaint in question, the Trustee asked that the Court vacate the default judgment and grant the Trustee additional time to serve the adversary complaint.

12. Even with service of the adversary complaint later corrected, the defendants in the Peterson Proceeding refused to answer or otherwise plead, necessitating another motion for default judgment. After this additional motion for default, the defendants responded that they had obtained counsel and would need additional time to answer the complaint. Therefore, the Trustee withdrew his additional motion for default judgment.

3

13. However, the defendants' responses to the complaint were still insufficient. Indeed, Peterson, who is not an attorney, answered on behalf of his company ALFP. Accordingly, the Trustee had to move to strike ALFP's response. This would result in yet another motion for default against ALFP.

14. With respect to Peterson, discovery ensued. Amongst other routine discovery, the Trustee issued requests to admit. Peterson, represented by counsel, failed to timely respond. Even after multiple contacts from Trustee's counsel, Peterson's silence continued.

15. Because Peterson did not respond to the requests to admit, Peterson was deemed to have admitted all facts asserted by the Trustee necessary to support his claims. Accordingly, in yet another effort to secure recovery for the Debtor's estate, the Trustee moved for summary judgment against Peterson.

16. The motion for summary judgement was ultimately granted with respect to the Trustee's complaint, giving a $262,869 judgment in the Trustee's favor. The Trustee is now again undertaking efforts to collect on that judgment.

**The Pendolino Proceeding**

17. The Pendolino Proceeding has had less fits and starts than the Peterson Proceeding, but has required no less effort from the Trustee.

18. The Pendolino Proceeding involved three defendants: Anthony Pendolino, Stephanie Pendolino, and their company IAP Alternative Health Care, LLC ("IAP").

19. Like the Peterson Proceeding, the defendants in the Pendolino Proceeding failed to timely answer the complaint, and the Trustee had to move for a default judgment.

20. Shortly thereafter, the defendants retained counsel and answered the complaint.

4

21. Ultimately, the Trustee was able to obtain settlements with all three of the defendants in the Pendolino Proceeding.

22. First, IAP agreed to a judgment in the Trustee's favor in the amount of $15,000.

23. Second, the Trustee settled with both Anthony and Stephanie Pendolino. Shortly after the Trustee initiated the Pendolino Proceeding, both Anthony and Stephanie filed separate chapter 7 cases. After the Trustee made clear his intent to pursue non-dischargeability actions against both, Anthony Pendolino agreed to a non-dischargeable judgment of $50,000 in the Trustee's favor; Stephanie Pendolino was released from the Trustee's claims.

### **RELIEF SOUGHT**

24. In the Adversary Proceedings, the Trustee is beginning post-judgment efforts to collect an amount not less than $327,869.00 for the benefit of the Debtor's estate.

25. However, such post-judgment efforts are likely to be burdensome and time-consuming, especially considering the financial status of the defendants against whom collection is sought.

26. Accordingly, the Trustee and HZH Law have agreed to increase HZH Law's contingency fee from 33.3% to 40%, with the Court's approval.

27. The Trustee has sent electronic notice of this motion to the Debtor's counsel, all parties who are currently on the Court's Electronic Mail Notice List, and the U.S. Trustee, and no further notice should be required.

**WHEREFORE**, Zane Zielinski, not individually but as Chapter 7 Trustee for the bankruptcy estate of P3 Foods, L.L.C., respectfully requests entry of an order modifying the order granting application to employ Reed Heiligman and HZH Law [Dkt. #335] to increase HZH Law's contingency fee from 33.3% to 40%, and granting such other and further relief as this Court deems just.

Dated:  August 6, 2021                          Respectfully submitted,

                                       **ZANE ZIELINSKI, NOT INDIVIDUALLY
BUT AS CHAPTER 7 TRUSTEE OF
P3 FOODS, L.L.C.**

                                       By:  /s/     Alex J. Whitt
                                              (One of his Attorneys)

Reed Heiligman (No. 6294312)
Alex J. Whitt (No. 6315835)
**HILTZ ZANZIG & HEILIGMAN LLC**
53 West Jackson Blvd., Suite 1301
Chicago, Illinois 60604
Telephone: 312.566.9008
awhitt@hzhlaw.com

## CERTIFICATE OF SERVICE

      I, Alex J. Whitt, an attorney, hereby certify that, on August 6, 2021, I caused a true and correct copy of the foregoing **Notice of Motion** and **Trustee's Motion to Modify Order Granting Application to Employ Reed Heiligman as Special Counsel [Dkt. #335]** to be served on the following via the indicated means:

<u>VIA CM/ECF</u>

Thomas V Askounis, taskounis@askounisdarcy.com, akapai@askounisdarcy.com
Paul J Battista, pbattista@gjb-law.com, chopkins@gjb-law.com;vlambdin@gjb-law.com
Paul M Bauch, pbauch@bmlawllc.com, smohan@bmlawllc.com;5242@notices.nextchapterbk.com
Alex Darcy, adarcy@askounisdarcy.com, mjackson@askounisdarcy.com
William J Factor, wfactor@wfactorlaw.com, wfactorlaw@gmail.com; bharlow@wfactorlaw.com; wfactor@ecf.inforuptcy.com; wfactormyecfmail@gmail.com; factorwr43923@notify.bestcase.com
Richard H Fimoff, rfimoff@rsplaw.com, jperez@rsplaw.com; fimoffrr89110@notify.bestcase.com
Richard L Hirsh, richard@bankruptcy-dupage.com, rlhpc2@bankruptcy-dupage.com
Patrick S Layng, USTPRegion11.ES.ECF@usdoj.gov
Vincent E. Lazar, vlazar@jenner.com, docketing@jenner.com; thooker@jenner.com
Madelaine Newcomb, mnewcomb@askounisdarcy.com
Jeffrey K. Paulsen, jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com; jpaulsen@ecf.inforuptcy.com
Carolina Y. Sales, csales@bmlawllc.com, smohan@bmlawllc.com; 5241@notices.nextchapterbk.com
Miriam R Stein, mstein@gutnicki.com
Justin R. Storer, jstorer@wfactorlaw.com, bharlow@wfactorlaw.com
Roman Sukley, USTPRegion11.es.ecf@usdoj.gov, roman.l.sukley@usdoj.gov
Samuel C. Wisotzkey, swisotzkey@kmksc.com, kmksc@kmksc.com
Charles R Woolley, rwoolley@askounisdarcy.com, zjohannsen@askounisdarcy.com
Alonzo H Zahour, ahzlawyer@aol.com

                                                  /s/ Alex J. Whitt